

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILLWILSON~~
ATTORNEY GENERAL

Honorable Loyd R. Kennedy
County Attorney
Cochran County
Morton, Texas

Dear Sir:

Opinion No. O-4711
Re: Whether improvements on land should be assessed as realty to landlord or as personalty to tenant under stated facts.

We are in receipt of your letter of July 14, 1942, in which you request the opinion of this department construing certain provisions of a lease contract. We quote from your letter:

"Your construction of the contract hereto attached is requested upon the following question involved therein:

"Should the improvements described in paragraph Number 5 of the contract, for the purpose of assessment for State and County taxes, be considered personal property belonging to the tenant, or should such improvements be considered as a part of the land upon which they are located, and assessed to the fee owner of the land as a part of the land?"

Paragraph No. 5 of the contract referred to reads as follows:

"Improvements and Repairs: The tenant has applied for a loan from the Farm Security Administration and agrees that out of the proceeds of such loan and with his own labor he will make the following improvements thereon which the Landlord hereby authorizes, provided the total cost thereof does not exceed $1,350.00:

"1. The following farm buildings and repairs to buildings:

"1 4-room house (residence)
1 barn and poultry house
1 sanitary privy

"2.  Well and water supplies as follows:

"Digging of the water well
1 overhead tank & tower

"In consideration of the making of such improvements by the Tenant and of the loan or advance made by the Farm Security Administration for that purpose the Landlord agrees that upon any termination of this lease she will pay the Tenant at Morton, Texas, the appraised value of all such improvements, and that this agreement shall be a covenant running with the land.  In case the Tenant is indebted to the Farm Security Administration at the time of such termination and compensation, both the Landlord and Tenant agree that such payments shall be made by the Landlord to the Farm Security Administration or its successors, and that any surplus remaining after the debt to the Government is satisfied, shall be paid to the Tenant.  The Landlord and Tenant, or their heirs and assigns shall have fourteen (14) days after any termination of the lease to agree on the appraised value of any such improvements, and in the event they shall fail to so agree, such appraised value shall be determined by three appraisers, one to be appointed by the Landlord, one by the Tenant or his assignee, and the third to be selected by the two as appointed.  Each appraiser shall be appointed within not to exceed ten (10) days after the expiration of the fourteen (14) day period stated above, and the decision of such arbitration committee shall be binding on both parties and the amount determined by them shall be due and payable within ninety days after their findings at Morton, in Cochran County, Texas, and such arbitration shall be a condition precedent to any action in law or equity.  The failure of either party to appoint his appraiser after notice in writing within the time prescribed shall authorize the County Agricultural Agent in Cochran County, Texas, to appoint his appraiser for him."

The contract itself, thus contemplates "improvements" to the land, and the enhancement of the value thereof.  Those improvements are permanent, and in consideration of the tenant's construction of said improvements the landlord specifically agrees to pay therefor upon termination of the lease.  There is no indication that the parties ever intended that such improvements should ever become the property of the tenant or that they should ever be regarded by anyone as personalty.  They should not be separately assessed, but are taxable to the landlord as a part of the value of the real estate under the provisions of Article 7146, R.C.S., 1925, which defines "real

estate" for purposes of taxation as including the land it-self together with all "buildings, structures and improvements, or other fixtures of whatever kind thereon."

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Fowler Roberts
Fowler Roberts
Assistant

FR:ej:wc

APPROVED SEP 3, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman